UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*vs*.,<br><br>KEVIN DELANEY | No. 18 cr 509<br>Honorable Robert W. Gettleman |

**DEFENDANT KEVIN DELANEY'S RESPONSE TO THE PSR,
GUIDELINE CALCULATIONS AND SENTENCING RECOMMENDATIONS**

To assist the Court in fashioning a sentence that is "…sufficient but not greater than necessary…" to achieve the statutory purposes of punishment under 18 USC §3553(a) and *U.S. v., Booker*, 125 S.Ct. 738 (2005), defendant Kevin Delaney, through his attorney John C. Legutki, respectfully submits his Objections to the December 27, 2018 Presentence Report (PSR), Guidelines Calculations and Sentencing Recommendations.

BACKGROUND

The indictment in this case charges Mr. Delaney with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1) (Count Two); by a March 12, 2019 Plea Agreement, defendant agreed to enter a voluntary plea of guilty that charge.

1

USSG CALCULATION

The PSR calculated the USSG parameters as:

| Guideline §2K2.1 | Base Level | 14 |
|---|---|---|
| Guideline §2K2.1(b)(4)(B) | Obliterated serial number | +4 |
| Guideline §3E1.1(a) | Recognition and affirmative acceptance of personal responsibility | -2 |
| Guideline §3E1.1(b) | Timely notification | -1 |
| **TOTAL Offense Level** | | **15** |

Mr. Delaney agrees with US Probation's guideline calculation. Specifically, Mr. Delaney agrees that the base offense level is 14 rather than 20. Mr. Delaney was under 18 years old at the time of the predicate offense, as such, the 2008 Aggravated Battery charge was assigned 0 criminal history points pursuant to USSG §4A1.2(d)(2)(B). Therefore, pursuant to USSG §2K2.1, Application Note 10[1], the 2008 matter cannot be used as a predicate for a base offense 20. An offense level 15 at a criminal history category III (please see discussion below) results in a USSG range of 24 – 30 months.

CRIMINAL HISTORY

Defendant's criminal history is outlined in the PSR at pages 9 – 11. US Probation calculated a total of four criminal history points. Pursuant to USSG §4A1.1(d), two points were added because Mr. Delaney committed the instant offense while under a criminal justice sentence (court supervision for a 2016 misdemeanor, discussed below). A total score of six

---

1 USSG §2K2.1 Application Note 10 reads, in pertinent part: "For purposes of applying subsection (a)(1), (2), (3), or (4)(A), use only those felony convictions that receive criminal history points under §4A1.1(a), (b), or (c). In addition, for purposes of applying subsection (a)(1) and (a)(2), use only those felony convictions that are counted separately under §4A1.1(a), (b), or (c). See §4A1.2(a)(2)."

2

yields a criminal history category of III. Mr. Delaney acknowledges that US Probation is correct.

With respect to the 2016 driving under the influence (DUI) charge, Mr. Delaney asserts that the "supervision terminated unsatisfactorily" notation (PSR at page 11, ¶40) is misleading (not by any representation on the part of US Probation). Illinois law defines supervision as: "… a disposition of conditional and revocable release without probationary supervision, but under such conditions and reporting requirements as are imposed by the court, at the successful conclusion of which disposition the defendant is discharged and a judgment dismissing the charges is entered." 730 ILCS 5/5-1-21. Mr. Delaney respectfully submits that he completed all but one of the imposed conditions and reporting requirements: he was not able to afford the fines and costs.

Mr. Delaney acknowledges that he was indeed under court supervision at the time of the instant case, so two points added under USSG §4A1.1(d) are technically correct. Mr. Delaney asks this Court to consider that, but for his financial inability to pay court costs and fines, his supervision in the DUI case would have been terminated satisfactorily. According to Illinois law, the misdemeanor case would have then been dismissed. Given that scenario, the period of supervision would have become a nullity and arguably, the USSG §4A1.1(d) enhancement side-stepped.

As such, the PSR criminal history overstates his background. A better, more meaningful, approach would be to disregard: 1) the 2016 DUI and the one point that added (because "supervision" is a non-conviction); and 2) the two points added under USSG §4A1.1(d) (because supervision termination would lead to the case dismissal). That would yield a total of three

criminal history points resulting in a criminal history category II.

## 18 USC 3553(a) SENTENCING CONSIDERATIONS

In directing the parties to address a sentence for Mr. Delaney, this Court recognizes that "…the Supreme Court has consistently reaffirmed that all of the sentencing guidelines are advisory…" *U.S. v. Liddell*, No. 07-3373 (7th Cir., 9/10/2008, at page 14). The sentencing factors under 3553(a), unlike the sentencing guidelines themselves, are mandatory. *United States v., Wachowiak*, citing *United States v, Dean*, supra at 729. "This Honorable Court has considerable discretion to individualize the sentence to the offense and the offender as long as the judge's reasoning is consistent with 3553(a)." *United States v., Wachowiak*, citing *Rita v., United States*, 127 S. Ct 2456, 2463 (2007).

Accordingly, a sentence is reasonable if the sentencing judge has given meaningful consideration to the sentencing factors enumerated in 3553(a), including the advisory sentencing guidelines, and arrived at a sentence that is objectively reasonable in light of the statutory factors and the individual circumstances of the case. *United States v., Wachowiak*, citing *United States v., Cunningham*, 429 F.3d 673, 670 (7th Cir. 2005) and *United States v., Dean*, supra at 729.

> *Nature and circumstances of the offense and the history and characteristics of the defendant.*

Mr. Delaney never denied his role in this matter. He voluntarily entered into a timely written Plea Agreement and has spared the time and expense of the government, and the Court, to conduct a trial. During incarceration, Mr. Delaney made positive use of his time at the MCC. He has enrolled in GED classes, but because of various limitations during pretrial detention has

4

not yet been able to complete courses. As evidenced by the attached certificates, Mr. Delaney completed Parenting Class and been positively cited for his outstanding orderly assistance.

None of this has been easy for Mr. Delaney. As referenced in the PSR at p. 18 at ¶¶75 – 77, Mr. Delaney has struggled with depression and mental health issues. He has acted out on suicidal ideations and was hospitalized in a mental health facility for seven days. Mr. Delaney has also been diagnosed with asthma, epilepsy and seizures. PSR at p. 17 at ¶73. That coupled with alcohol and drug abuse issues (PSR at p 18, at ¶¶79 – 82) and an absentee imprison father (PSR at p. 15, at ¶60) translates to an uphill battle. But Kevin has not given up. As referenced in his attached letter to the Court, Mr. Delaney is committed to turning his life around and being a father to his children. As evidenced in letters from his family, Mr. Delaney maintains the support of his family.

> *To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.*

Other important purposes of sentencing are "to provide just punishment for the offense" and "to afford adequate deterrence to criminal conduct". *See* § 3553(a)(2)(A) and (B). Mr. Delaney plead guilty and has acknowledged and accepted his role in this case. By so doing, he has demonstrated his respect for the law and acceptance of appropriate punishment

> *To protect the public from further crimes of the defendant.*

Prior to his incarceration, Mr. Delaney had a decent job and has the promise of employment upon completion of his sentence. To assist Mr. Delaney with his transition, mental health and substance abuse treatment would help ensure a stable transition to a law-abiding lifestyle and guard against recidivism.

*Need to Provide Restitution.*

Restitution is not a factor in this case.

OBJECTIONS TO SUPERVISED RELEASE CONDITIONS

*§18 USC §3563(b) and 3583(d) Discretionary Conditions.*

Objection to #6 "… refrain from knowingly meeting or communicating with any person whom you know to be engaged, or planning to be engaged, in criminal activity and from knowingly meeting or communicating with the following persons: known members of the Imperial Gangsters". Mr. Delaney is no longer associated with the Imperial Gangsters but has reason to believe that his brother may have ties with that organization. Mr. Delaney asks that this prohibition not apply to family members.

Objection to #7, any use of alcohol or any use of narcotic. Mr. Delaney asks that the alcohol use be modified from an absolute prohibition to no excessive use.

*§18 USC §3563(b)(22) and 3583(d) Special Conditions.*

Objection to #3, if not employed after 60 days of supervision, defendant to perform at least 20 hours of community service per week. Rather than community service, to facilitate his transition to society in a more meaningful way and to minimize recidivism, Mr. Delaney would likely benefit from vocational counseling.

Objection to #5, " not incur credit charges or open new additional lines of credit without the approval of a probation officer or unless you are in compliance with the financial obligations imposed by this judgment". This proposed condition ignores reality. Modern living conditions require credit usage. Cell phones require an independent credit source. On-line purchases for

everyday essentials like groceries, legitimate pharmaceuticals, clothing and retailers are all conducted on-line and require credit. Indeed, even having an on-line account requires a credit source. Upon his release, Mr. Delaney should be given a fair opportunity to live in the modern world and care for his family without unrealistic, anachronistic restraints.

### DEFENDANT'S SENTENCING RECOMMENDATION AND CONCLUSION

Defendant respectfully submits that in order to fashion a "sufficient sentence, not greater than necessary," he suggests the following sentencing for the Court's consideration:

- An offense level of 15 against a criminal history of II that omits both the 2016 DUI, the one point that misdemeanor added and the two points enhancement under USSG §4A1.1(d). Such calculation results in a USSG range of 21 – 27 months. Given that calculation, Mr. Delaney respectfully recommends a 21-month sentence.

- Alternatively, Mr. Delaney asks that the Court impose sentence of 24 months, which is a low-end guideline range as outlined in the PSR, page 21, at ¶99.

Respectfully submitted,

s/John C. Legutki
Attorney for Kevin Delaney

June 4, 2019

John C. Legutki
53 W. Jackson Boulevard
Suite 920
Chicago, Illinois 60604

Phone: (312) 939-8747
Fax: (312) 939-0054

jlegutki@outlook.com