UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN DELANEY | No. 18 CR 509<br><br>Judge Robert W. Gettleman |

## GOVERNMENT'S SENTENCING MEMORANDUM

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits this sentencing memorandum with respect to defendant Kevin Delaney. For the reasons set forth below, a Guidelines sentence of 24 to 30 months is warranted and sufficient, but not greater than necessary, upon consideration of the relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

### I. Background

On September 11, 2018, the grand jury returned an indictment charging the defendant, Kevin Delaney, with one count of being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1) (Count 2). Dkt. No. 1.

On March 12, 2019, the defendant pleaded guilty to Count 2 of the indictment, pursuant to a Plea Agreement. Dkt. No. 50, 55. Defendant is scheduled to be sentenced by the Court on June 19, 2019, at 10:30 a.m. Dkt. No. 55.

### II. Offense Conduct

On or about February 15, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, defendant previously having been convicted of a crime punishable

by a term of imprisonment exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, namely, an Arms Corporation, model 206, .38 Special caliber revolver, with an obliterated serial number, which firearm had traveled in interstate commerce prior to the defendant's possession of the firearm, in violation of Title 18, United States Code, Section 922(g)(1).

More specifically, on or about February 1, 2018, defendant informed co-defendant Justin Acevedo that defendant had a .38 caliber revolver that he was interested in selling. Defendant also sent Acevedo a picture of the firearm via text message.

On or about February 10, 2018, between approximately 2:49 p.m. and approximately 7:03 p.m., defendant used phone number (630) XXX-8352 to exchange several calls and text messages with Acevedo, who was using phone number (312) XXX-2152. During the course of these calls and texts, defendant and Acevedo agreed to sell the defendant's revolver to a customer provided by Acevedo. Unbeknownst to defendant and Acevedo, the customer was a confidential source ("CS") who was working with undercover law enforcement officers ("UC's").

Between February 10, 2018 and February 15, 2018, defendant and Acevedo exchanged phone calls in which they agreed that the sale would occur on the evening of February 15, 2018.

On or about February 15, 2018, at approximately 7:40 p.m., defendant received a call from Acevedo confirming that the sale would happen that night. Defendant agreed to drive the revolver to Acevedo's residence on the 2800 block of

East 138th Place, in Chicago, Illinois.

Between 7:40 p.m. and 9:20 p.m., defendant exchanged several calls with Acevedo, during which defendant stated that he was on his way to the residence. During this time period, defendant put the revolver in a dark colored Chevy Malibu bearing Illinois license plate XXXX76111 and drove to Acevedo's residence.

At approximately 9:20 p.m., defendant arrived at Acevedo's residence and parked a few spaces away from the UC's car. Acevedo entered defendant's car and defendant gave him the Arms Corporation, model 206, .38 caliber revolver with an obliterated serial number revolver. Acevedo took the revolver from defendant's car, brought the revolver to the UC's and sold the UC the revolver for $400. Shortly afterwards, Acevedo returned to defendant's car and gave him a portion of the proceeds from the sale.

Prior to his possession of the firearm on February 15, 2018, defendant had been convicted of a crime punishable by a term of imprisonment exceeding one year. The firearm defendant possessed on February 15, 2018, was manufactured outside the State of Illinois, and therefore traveled in interstate commerce prior to his possession of it.

### III. Offense Calculation and Guidelines Range

#### A. PSR Calculation of Offense Level

Pursuant to the November 2018 Sentencing Guidelines Manual, the PSR calculates the total offense level as follows (PSR ¶¶17-27):

| | |
|---|---|
| 14 | Base Offense Level pursuant to USSG §2K2.1(a)(6), because defendant was a prohibited person. |
| +4 | The firearm had an obliterated serial number. USSG § 2K2.1(b)(4)(B). |
| -3 | Acceptance of responsibility. USSG § E1.1(a); E1.1(b) |
| **15** | **Total Offense Level** |

The government agrees with the PSR's calculation of the offense level.

    B.    <u>Criminal History</u>

Probation and the government agree that the defendant's criminal history score is 6 and his criminal history category is III. PSR at ¶43. The defendant receives one criminal history point because the defendant was sentenced, on or about May 10, 2017, to 18 months of supervision, as a result of his conviction for driving under the influence, in the Circuit Court of Cook County, in Chicago, Illinois. PSR at ¶40. The defendant receives two criminal history points because the defendant was sentenced, on or about November 18, 2010, to 90 days' imprisonment, as a result of his conviction for battery, in the Circuit Court of Cook County in Chicago, Illinois. PSR at ¶38. The defendant receives one criminal history point because the defendant was sentenced, on or about August 14, 2008, to 30 days' imprisonment, as a result of his conviction for assault, in the Circuit Court of Cook County in Chicago, Illinois. PSR at ¶38. The defendant receives two criminal history points because he committed the instant offense while under a criminal justice sentence, namely for the sentence of probation imposed as a result of defendant's May 10, 2017, conviction of driving under the influence. PSR at ¶42. The defendant receives no criminal history points

4

for his 2008 conviction for possession of cannabis, his 2008 conviction for aggravated battery, or his 2012 conviction for obstruction of traffic.

    C.    <u>Advisory Guidelines Range</u>

The government agrees with the PSR's calculation of the defendant's advisory guidelines range as being 24-30 months. PSR at ¶99.

The statutory maximum term of imprisonment is 10 years, or 120 months. 18 U.S.C. §§ 922(g)(1) and 924(a)(2); PSR at ¶98.

**IV.    The §3553(a) Factors Support Imposition of a Guidelines Sentence of 24 to 30 Months' Imprisonment.**

Section 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing.[1] In order to determine the sentence to impose, the court must consider the statutory factors listed in §3553(a)(1)-(7). One of those factors is the advisory range set by the Sentencing Guidelines, and another is the Commission's policy statements. §3553(a)(4), (a)(5). Although the Sentencing Guidelines are advisory only, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). For the reasons set forth below, the statutory sentencing factors reflect that

---

[1] Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." § 3553(a)(2)(A)-(D).

a Guidelines sentence of 24 to 30 months is warranted.

    A.    <u>Seriousness, Nature and Circumstances of Offense</u>

The seriousness, nature and circumstances of the offense demonstrate that a sentence of 24-30 months is warranted. Defendant, a previously convicted felon possessed a firearm. He possessed the firearm while he was on probation. He possessed a firearm with an obliterated serial number, rendering the firearm untraceable in the event it was used in a violent crime. He not only possessed this firearm, he was trafficking the firearm, using another felon as a broker. Because the eventual purchaser was working with law enforcement, there was no actual victim. However, the defendant acted with callous disregard for the potential victims who could have been targeted by a gun that was meant to be untraceable.

    B.    <u>History and Characteristics of Defendant</u>

A sentence of 24 to 30 months is warranted and consistent with the history and characteristics of the defendant. Defendant has eight prior convictions, including convictions for aggravated battery, battery, aggravated assault, and possession of cannabis. There is an Order of Protection against the defendant, held by the mother of his three children. PSR ¶ 65. Defendant was a member of the Imperial Gangsters street gang for over a decade. PSR ¶ 71.

    C.    <u>The Need to Protect the Public and Afford Adequate Deterrence and Respect for the Law</u>

The sentence imposed should have specific and general deterrent effects. *See* 18 U.S.C. § 3553(a)(2)(B); *United States v. Mendoza*, 576 F.3d 711, 722 (7th Cir. 2009) (noting that general deterrence is a factor to consider). A guidelines sentence of

incarceration would protect the community from the defendant's possession and trafficking of firearms.

It is also important to stress the need for general deterrence. Over the past few years, the Chicagoland area has been subjected to devastating firearm violence. The consistent application of federal law meant to curb this violence by preventing felons, and other prohibited persons from possessing firearms, is necessary to deter this violence.

## V. SUPERVISED RELEASE

The government recommends that the Court impose a guideline period of supervised release between one and three years. *See* PSR ¶ 102. During that period, the government recommends that the Court impose the following conditions:

### A. Mandatory Conditions, Pursuant to 18 U.S.C. § 3583(d)

- The defendant shall not commit another federal, state, or local crime.

- The defendant shall not unlawfully possess a controlled substance.

- The defendant shall refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on probation and at least two periodic tests thereafter, up to 104 periodic tests, during each year of supervised release for use of a controlled substance.

- The defendant shall cooperate in the collection of a DNA sample from the defendant at the direction of the United States Probation Office.

### B. Discretionary Conditions, Pursuant to 18 U.S.C. §§ 3583(d) and 3563(b)

The following conditions should be imposed on the basis that they (1) facilitate supervision by the probation officer, which is important here to promote defendant's respect for the law and deter the defendant from future crimes; and (2) are tailored

to address mental health and substance abuse issues which, if left untreated, will prevent defendant from successfully reintegrating into society:

- The defendant shall provide financial support to dependents if financially able.

- The defendant shall seek, and work conscientiously, at lawful employment or pursue conscientiously a course of study or vocational training that will equip him for employment.

- The defendant shall refrain from knowingly meeting or communicating with any person he knows to be engaged, or planning to engage in criminal activity and refrain from knowingly meeting or communicating with known members of the Imperial Gangsters.

- The defendant shall refrain from any use of alcohol or any use of a narcotic drug or other controlled substance.

- Defendant shall refrain from possessing a firearm, destructive device or other dangerous weapon.

- Defendant shall participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year. PSR ¶ 165, "Discretionary Conditions" (9).

- Defendant shall participate, at the direction of a probation officer, in a mental health treatment program, which may include the use of prescription medication. PSR ¶ 165, "Discretionary Conditions" (9).

- Defendant shall refrain from knowingly leaving the federal judicial district where defendant is being supervised, unless granted permission to leave by the court or a probation officer.

- Defendant shall report to the probation office as directed by the court or a probation officer.

- Defendant shall permit a probation officer to visit the defendant at any reasonable time at home; or at another reasonable location specified by a probation officer; and permit confiscation of any contraband observed in plain view of the probation officer.

8

- Defendant shall notify the probation officer within 72 hours of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer.

- Defendant shall notify the probation officer within 72 hours if arrested or questioned by a law enforcement officer.

- Defendant shall participate in a General Education Development (GED) preparation course and seek to obtain a GED within the first year of supervision, if the defendant has not obtained a high school diploma or equivalent.

- Defendant shall participate in an approved job skill-training program at the direction of a probation officer within the first 60 days of placement on supervision.

- Defendant shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 20 hours of community service per week at the direction of the U.S. Probation Office until gainfully employed.

- Defendant shall not incur new credit charges or open additional lines of credit without the approval of a probation officer unless defendant is in compliance with the financial obligations imposed by this judgement.

- Defendant shall provide a probation officer with access to any requested financial information necessary to monitor compliance with conditions of supervised release.

- Defendant shall notify the court of any material change in defendant's economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

- Defendant shall pay any financial penalty that is imposed by this judgment that remains unpaid at the commencement of the term of supervised release.

- Defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

- Defendant shall repay the United States "buy money" in the amount of $400 which defendant received during the commission of this offense. Payments should be made to ATF.

These supervised release terms are narrowly tailored to facilitate supervision by the probation officer, deter the defendant from future crimes, support defendant's rehabilitation and reintegration into the community, ensure that he is engaged in lawful pursuits rather than criminal activity.

## VI. CONCLUSION

In view of the Section 3553(a) factors, a Guidelines sentence of 24 to 30 months is fair, reasonable, and sufficient, but not greater than necessary. For these reasons, the government respectfully requests that this Court impose a Guidelines sentence of 24 to 30 months.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: */s/ Cornelius Vandenberg*
CORNELIUS A. VANDENBERG
Assistant U.S. Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604

Dated: June 4, 2019