UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

*vs.*,

KEVIN DELANEY

No. 18 cr 509

Honorable Robert W. Gettleman

MOTION FOR A RULE TO SHOW CAUSE
TO HOLD WITNESSES IN CONTEMPT
FOR DISOBEYING A SUBPOENA

Defendant Kevin Delaney, by his attorney John C. Legutki, respectfully moves this Honorable Court for a rule to show cause to hold witnesses in contempt who disobeyed a subpoena issued by this Court. In support thereof, Mr. Delaney states:

1. On December 16, 2021, the parties telephonically appeared before your Honor for a status hearing on the Probation Officer's October 5, 2021 Special Report relating to certain events allegedly occurring on September 29, 2021.

2. Upon review of the Special Report, it was apparent that the Cook County State's Attorney evaluated September 29, 2021 events, interviewed witnesses and rejected criminal charges against Mr. Delaney. Mr. Delaney was not detained.

3. Felony charges in Cook County are not approved without the consultation of the State's Attorney Felony Review Unit; a comprehensive police investigation mandates such review. See, Chicago Police General Order G06-03 and Special Order S06-03, attached. (Defendant concedes that the underlying event occurred in Melrose Park, Cook County, IL, but the requirement of Cook County State's Attorney Felony Review examination and approval of charges still applies.)

1

4. Because there was inadequate and insufficient evidence to charge or detain Mr. Delaney, defendant posed to the Court that the Cook County State's Attorney Felony Review Reports, notes and memoranda would be exculpatory evidence contemplated under *Brady v. Maryland*, 373 U.S. 83 (1963). Specifically, the State's Attorney's determination to reject charges is favorable evidence in that it goes towards negating a defendant's guilt, that would reduce a potential sentence, or evidence going to the credibility of a witness.

5. Over the objection of the government, the Court directed defendant's attorney to issue subpoenas, granted defendants motion for early return of subpoenas, declared defendant indigent and assigned *in forma pauperis* status. See, PACER #125.

6. On December 17, 2021, subpoenas requesting "Felony Review Reports, notes, memoranda (in any and all formats) and other documents relating to a (*sic*) incident involving Kevin Delaney on or about 09/29/2021 at 02:09 a.m." were issued to State's Attorney Kim Foxx and to the Cook County State's Attorney Felony Review Unit Supervisor; materials to be returned by January 21, 2022. Both subpoenas were served by the United States Marshals and filed as executed with the Court on December 20, 2021. See attached executed subpoenas.

7. Federal Rules of Criminal Procedure, Rule 17(g) provides: "[t]he court … may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district."

8. Although properly served with valid subpoenas by the United States Marshals, neither State's Attorney Foxx nor the Cook County State's Attorney Felony Review Unit Supervisor responded to the subpoenas in any manner whatsoever.

9. The Supervised Release hearing is scheduled for February 7, 2022.

**WHEREFORE**, defendant Kevin Delaney respectfully requests a Rule to Show Cause to hold State's Attorney Foxx and the Cook County State's Attorney Felony Review Unit Supervisor in contempt for disobeying a subpoena.

                                                  Respectfully submitted,

                                                  s/ John C. Legutki
                                                  Attorney for Kevin Delaney

John C. Legutki
53 West Jackson Boulevard
Suite 920
Chicago, Illinois  60604

Phone: (312) 939-8747
Fax:     (312) 873-4794

jlegutki@outlook.com

CERTIFICATE OF SERVICE

PLEASE TAKE NOTICE that on January 26, 2022, I filed the attached Rule to Show Cause Motion, before the Honorable Robert W. Gettleman, in the United States Courthouse, 219 S. Dearborn, Chicago, Illinois.

The referenced filing was served on this day, in accordance with Fed. R. Crim. P. 49, Local Rule 5.5 and the General Order on Electric Case Filing (ECF), pursuant to the District Court's ECF filers.

January 26, 2022


John C. Legutki
53 West Jackson Boulevard
Suite 920
Chicago, Illinois 60604

Phone: (312) 939-8747
Fax:    (312) 873-4794

jlegutki@outlook.com



| Chicago Police Department | | General Order G06-03 | |
| --- | --- | --- | --- |
| FELONY REVIEW BY COOK COUNTY STATE'S ATTORNEY | | | |
| ISSUE DATE: | 27 April 2012 | EFFECTIVE DATE: | 27 April 2012 |
| RESCINDS: | 30 March 1999 version; G99-03 | | |
| INDEX CATEGORY: | Preliminary Investigations | | |

I.  **PURPOSE**

   This directive:

   A.  continues the procedure of consulting with and requesting approval from specially assigned Cook County State's Attorneys prior to placing felony charges in non-narcotic cases, or when seeking felony arrest or search warrants.

   B.  establishes the requirement that an Assistant State's Attorney of Cook County be consulted and give approval before a juvenile is charged with homicide or any underlying charges arising from the same occurrence.

   Department member will refer to the Special Order titled "Felony Review by Cook County State's Attorney" for procedures and responsibilities related to felony review.

II.  **POLICY**

   The Department is committed to conducting thorough, comprehensive criminal investigations. One of the components of a comprehensive investigation is the review by the State's Attorney's office prior to formal charging of felony arrests of adults (excluding narcotics and syndicated gambling cases), and of juvenile arrests for homicide.

III.  **MANDATORY NOTIFICATIONS**

   The *station supervisor* is responsible for ensuring that an assistant state's attorney is promptly notified in the following instances:

   A.  within six (6) hours of arrest, when an arrested person is to be charged with a felony, except felony narcotic cases and syndicated gambling cases when the arrests are made by members of the *Bureau of Organized Crime*.

   B.  when a juvenile is in custody for a homicide offense.

   C.  when an arrest involves statutory upgrades of misdemeanor charges based upon an arrestee's prior convictions.

   D.  when any person is shot by a member of the Department.

   E.  when a person is seriously injured by a member of the Department in the course of duty performance.

   NOTE:  "Serious injury", for the purpose of this directive, is defined as injury which causes the injured party to be admitted to a hospital. This definition does not include emergency room first aid or hospitalization resulting from a motor vehicle crash.

   (Items indicated by *italics/underline* were revised.)

Garry F. McCarthy
Superintendent of Police

12-022 PMD

|  | Chicago Police Department | **Special Order S06-03** |
|---|---|---|
|  | **FELONY REVIEW BY COOK COUNTY STATE'S ATTORNEY** | |

| **ISSUE DATE:** | 27 April 2012 | **EFFECTIVE DATE:** | 27 April 2012 |
|---|---|---|---|
| **RESCINDS:** | 30 March 1999 version; G99-03 | | |
| **INDEX CATEGORY:** | Processing Persons | | |

I. **PURPOSE**

This directive provides the procedures and responsibilities relative to Felony Review. Department members will refer to the General Order titled "Felony Review by Cook County State's Attorney" for the policy and requirement to notify and consult the State's Attorney for felony approval.

II. **PROCEDURES**

A. Assistant state's attorneys *Felony Review Unit* are available on a 24 hour a day basis for the purpose of consultation. In addition to the mandatory notifications enumerated in the General Order titled "Felony Review by Cook County State's Attorney," they will be contacted for assistance in securing search warrants, arrest warrants, or for other matters at the discretion of the *station supervisor*.

B. Felony charges will not be approved without the *consultation* of an assistant state's attorney and the *station supervisor* at the district of detention. In cases in which the assistant state's attorney and the *station supervisor* disagree about the charges to be placed against an arrestee, the appropriate area deputy chief, Bureau of Patrol, or for cases involving detectives, the appropriate area commander, *Bureau of Detectives*, will be called for consultation and a determination. In cases of disagreement, a charge will not be filed without the approval of the appropriate *exempt commanding officer*. The appropriate *exempt commanding officer* will inform the assistant state's attorney should a felony be approved.

**NOTE:** The States Attorney's Felony Review Unit alone has the authority to approve homicide charges; or, in cases involving juveniles, homicide charges or any lesser charge arising from the same occurrence.

III. **RESPONSIBILITIES**

A. It will be the responsibility of:

1. officers conducting the preliminary investigation to notify the appropriate *Bureau of Detectives* unit or follow up unit(s), or to ensure that notification is made through the Office of Emergency Management and Communications, and to record the unit and member notified and the date and time the notification was made in the *"Notifications" field* of the applicable case report, except for felony cases involving:

    a. Burglary to a Motor Vehicle.

    b. Motor Vehicle Theft related charges.

    c. Narcotics.

    d. Prostitution related charges.

    e. Retail Theft (including an upgrade).

    f.  Unlawful Use of a Weapon (UUW), except for a violation of 720 ILCS 5/24-1(a)(7)(iii).

     **NOTE:**  Additional guidelines for obtaining approval for a felony UUW charge may be found in the Department directive entitled "Unlawful Use of Weapons Arrests."

    g.  *Human Trafficking.*

  2. the detective, investigator, explosive technician, or traffic specialist conducting the follow up investigation to notify and confer with an assistant state's attorney assigned to the Felony Review Unit when seeking approval for a felony charge, except for the type of cases outlined in Item III-A-1.

  3. the Department member conducting the preliminary investigation, with the approval of the *station supervisor* assigned to the district of detention, to notify and confer with an assistant state's attorney assigned to the Felony Review Unit when seeking approval for a felony charge for the type of cases listed in Item III-A-1, except narcotics cases.

    **NOTE:**  The felony-review process is not required in narcotic cases.

  4. the *station supervisor* assigned to the Bureau of Patrol district of detention to ensure that notification is made to the assistant state's attorney assigned to the Felony Review Unit when a detective is not assigned and felony charges are being sought, except for narcotics cases.

    **NOTE:**  Nothing in this order precludes a preliminary investigator from contacting the *Bureau of Detectives* for guidance when seeking the approval of felony charges for the offenses listed in Item III-A-1.

B. When the area deputy chief, Bureau of Patrol, or for cases involving detectives, the appropriate area commander, *Bureau of Detectives*, is called in for consultation, the *station supervisor* will no longer be held responsible for the final approval of charges. The *station supervisor* will ensure that the decision and the name of the *exempt commanding officer* making the decision is recorded on the arrest report. The presence of the *exempt commanding officer* to resolve the impasse will not, however, relieve the *station supervisor* of other responsibilities attendant with the processing of persons under Department control.

C. The assistance of an assistant state's attorney in the preparation of the case does not relieve the officer of his or her responsibility for proper case investigation and preparation nor will it unreasonably delay the booking and charging process of persons in Department custody delineated in the Department directive entitled "Processing Persons Under Department Control."

D. In those cases where several assistant state's attorneys are consulted regarding the same investigation, each assistant state's attorney consulted will be informed of any previous instructions received from any other assistant state's attorney(s) consulted by the assigned follow-up unit personnel.

**IV.** **WARRANT CASES**

  A. *Requests for all felony arrest warrants and juvenile arrest warrants for homicide and offenses arising from the same occurrence must be approved by an assistant state's attorney assigned to the Felony Review Unit.*

  B. *Department members seeking to obtain or requesting approval for a search warrant will refer to the Department directives titled "Search Warrant and Consent to Search Incidents" and "Alternative Search Warrant Approval Method" for the required approval.*

  C. When an arrest is made pursuant to a criminal warrant authorized by an assistant state's attorney:

1. An assistant state's attorney from the Felony Review Unit will be contacted for the final approval of the charge and preparation of the requisite documents.

   **NOTE:** Even though a judge has already issued the warrant, the Felony Review Unit will be contacted so that an assistant state's attorney prepares the necessary documents required to complete the processing.

2. *In the event of a dispute as to the charge, the appropriate area deputy chief, Bureau of Patrol or area commander, Bureau of Detectives, will be contacted for consultation and a determination.*

(Items indicated by *italics/double underline* were added or revised.)

Authenticated by: JKH

Garry F. McCarthy
Superintendent of Police

12-022 PMD

**PHONE BOOK:**

1. **Cook County State's Attorney - Felony Review**
   2650 S. California Ave., Room 14C10
   773-674-3020



AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Kevin DELANEY | ) | Case No. 18 cr 509 |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: Hon. Kimberly Foxx, Cook County State's Attorney, 69 W. Washington, Suite 3200
Chicago, Illinois 60602

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

Felony Review Reports, notes, memoranda (in any and all formats) and other documents relating to a incident involving Kevin Delaney on or about 09/29/2021 at 02:09 a.m. See, attached Melore Park Police Incident # 2021000179.

| Place: | Law Office of John Legutki<br>53 West Jackson Blvd., Suite 920<br>Chicago, IL 60604 | Date and Time: 01/21/2022 10:00 am |
|---|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: DEC 17 2021

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Kevin DELANEY
_____, who requests this subpoena, are:

John Legutki, Attorney, 53 W. Jackson Blvd., Ste. 920, Chicago, IL, 60604, email: jlegutki@outlook.com,
phone: 312.939.8747

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No. 18 cr 509

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☒ I served the subpoena by delivering a copy to the named person as follows: Cook County States Attorney
_____ on *(date)* 12/17/2021 ; or

☐ I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ 65.00 for travel and $ 0.00 for services, for a total of $ $65.00 .

I declare under penalty of perjury that this information is true.

Date: 12-20-21

*Elorm Y. Blake*
*Server's signature*

Elorm Blake SDUSM
*Printed name and title*

219 S. Dearborn St. Chicago IL 60604
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| United States of America | ) |
|---|---|
| v. | ) |
| Kevin DELANEY | ) Case No. 18 cr 509 |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: Cook County State's Attorney - Felony Review Unit Supervisor
2650 S. California Ave., Room 14C10, Chicago, IL 60608

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

Felony Review Reports, notes, memoranda (in any and all formats) and other documents relating to a incident involving Kevin Delaney on or about 09/29/2021 at 02:09 a.m. See, attached Melore Park Police Incident # 2021000179.

| Place: Law Office of John Legutki<br>53 West Jackson Blvd., Suite 920<br>Chicago, IL 60604 | Date and Time: 01/21/2022 10:00 am |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: DEC 17 2021

CLERK OF COURT THOMAS G. BRUTON

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Kevin DELANEY
, who requests this subpoena, are:

John Legutki, Attorney, 53 W. Jackson Blvd., Ste. 920, Chicago, IL, 60604, email: jlegutki@outlook.com, phone: 312.939.8747

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

FILED 12/20/2021 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT CM

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No. 18 cr 509

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: <u>Cook County States Attorney</u>

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ <u>$65.00</u> for travel and $ <u>0.00</u> for services, for a total of $ <u>65.00</u> .

I declare under penalty of perjury that this information is true.

Date: <u>12-20-21</u>

<u>*Elorm G. Blake*</u>
Server's signature

<u>Elorm Blake, Supervisory Deputy US Marshal</u>
*Printed name and title*

<u>219 S. Dearborn St. Chicago IL 60604</u>
*Server's address*

Additional information regarding attempted service, etc.: